```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARMEN M. CHRISTIE FITCH,

                    Plaintiff,                11-CV-6284T

          v.                                  DECISION
                                              and ORDER
ARNOT OGDEN MEDICAL CENTER
and ST. JOSEPH'S HOSPITAL,,

                    Defendants.
_____
```

Plaintiff Carmen M. Christie Fitch, ("Fitch") who purports to proceed on behalf of her Uncle, the Reverend Melvin D. Christie, brings this action against defendants Arnot Ogden Medical Center and St. Joseph's Hospital ("St. Joseph's") seeking to prevent St. Joseph's Hospital from closing its kidney dialysis unit, on grounds that closing the unit would constitute a violation of federal antitrust law.  Specifically, the plaintiff alleges that the closure of St. Joseph's kidney dialysis unit, and the resulting necessity of dialysis patients to receive treatment at defendant Arnot Ogden Medical Center will eliminate all competition for dialysis services in the Elmira, New York metropolitan area, and will impose great hardship on dialysis patients throughout that region

By motion dated July 6, 2011, plaintiff moved for a Temporary Restraining Order restraining St. Joseph's from closing its dialysis unit, which was scheduled to close on July 9, 2011.  By Order dated July 7, 2011, I denied plaintiff's motion for a

Temporary Restraining Order on grounds that plaintiff failed to demonstrate that she would likely succeed on the merits, or that there were sufficiently serious questions with respect to the merits of her claims.

Defendants now move to dismiss the plaintiff's Complaint on grounds that plaintiff has failed to state a cause of action upon which relief can be granted.  In support of this claim, defendants contend that the plaintiff lacks standing to bring a cause of action because she has failed to allege any harm to herself.  Defendants further allege that Fitch, who is proceeding pro se and who is not an attorney, may not prosecute any action on behalf of another person.  Plaintiff has not filed any opposition to the defendants' motion.

Defendants' motion to dismiss is granted.  It is well settled that a person who is not an attorney may not represent another person in federal court. 28 U.S.C. § 1654 provides that a pro se plaintiff may only represent him or herself in federal court, and may not represent another party.  Accordingly, courts have prohibited pro se litigants from representing other persons. See Berrios v. New York City Housing Authority, 564 F.3d 130, 133 (2nd Cir., 2009)(uncle may not represent nephew in federal court); Powerserve Intern., Inc. v. Lavi, 239 F.3d 508, 514 (2nd Cir., 2001) ("an individual may not be represented in court by another person who is not an attorney."); Long v. Keybank, N.A., 2008 WL 5234344

*2 (W.D.N.Y., December 10, 2008)("A non-attorney pro se party may not represent another's interests.")

In the instant case, plaintiff purports to proceed on behalf of her Uncle.  Plaintiff, however, lacks the authority to prosecute an action on behalf of her uncle, and therefore I find that she may not bring the claims set forth in the Complaint.  I further find that she has failed to allege a cognizable injury to herself that would allow her to maintain this action on behalf of herself.  Because plaintiff lacks the legal authority to bring this action, I grant defendant's motion to dismiss with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          September 16, 2011